UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH E. TAYLOR and TERRENCE
MCGLOTHLIN, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.                                                                          CASE NO.:

C & L TOWING AND TRANSPORT, L.L.C.
and CARL CHASE,

    Defendants.
_____/

## WAGE THEFT COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, KEITH E. TAYLOR and TERRENCE MCGLOTHLIN ("Plaintiffs"), on behalf of themselves and others similarly situated, hereby sue the Defendants, C & L TOWING AND TRANSPORT, L.L.C. and CARL CHASE (collectively "Defendants") and allege as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiffs were/are residents of Brevard County, Florida.

4. At all times material, Defendant, C & L TOWING AND TRANSPORT, L.L.C., was/is a Florida Profit Limited Liability Company authorized to conduct business in the State of Florida, with its principal place of business at 4155 South St Titusville, Florida 32780.

5. At all times material, Defendant, CARL CHASE, was/is a resident of Brevard County, Florida.

## GENERAL ALLEGATIONS

6. Defendants are an employer as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

7. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. During at least one of the relevant years, Defendants had an annual dollar volume of sales or business of at least $500,000.

9. CARL CHASE is Defendant's Chief Executive Officer. As such, Mr. Chase maintains operational control of its enterprise. In that position, he exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions, including Plaintiffs' employment.

10. Plaintiffs were employed by Defendants within the last three years as tow truck workers.

11. While employed by Defendants, Plaintiffs engaged in commerce or in

the production of goods for commerce, however Plaintiffs did not travel across state lines or travel in interstate commerce. Defendant does not register its tow trucks under the federal Department of Transportation regulations, but rather registers them only under state law.

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiffs by Defendants.

13. Plaintiffs were employees of Defendants under the FLSA.

14. Defendants failed to comply with the FLSA because Plaintiffs regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

15. Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiffs are required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

16. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

17. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (Both Defendants)

18. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 17 as if fully restated herein.

19. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiffs overtime compensation for hours worked over forty (40) in a workweek.

20. Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

21. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

**WHEREFORE**, Plaintiffs respectfully request this Court issue an Order entering judgment in favor of Plaintiffs and against Defendants, jointly and severally, awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

**DATED** this 7th day of November 2017.

>  Respectfully submitted,
>  WHITTEL & MELTON, LLC
>  */s/ Jay P. Lechner*

Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
mbayer@theFLlawfirm.com
**Attorneys for Plaintiffs**