UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH E. TAYLOR, TERRENCE
MCGLOTHLIN and JAMES SIMPSON,

        Plaintiffs,

v.                               Case No: 6:17-cv-1929-Orl-40TBS

C&L TOWING AND TRANSPORT, L.L.C.
and CARL CHASE,

        Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Conditional Certification and for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights (Doc. 43). The motion is opposed by Defendants (Doc. 47). On review of the record and the applicable law, I respectfully recommend that the motion be granted, in part.

### I. Background

Named Plaintiffs Keith E. Taylor and Terrence McGlothlin, on behalf of themselves and all others similarly situated, filed this action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") (Doc. 1). Plaintiffs allege that they were employed by Defendants within the last three years as tow truck workers, and Defendants failed to comply with the FLSA because Plaintiffs were regularly required to work in excess of forty hours per workweek but were not paid overtime compensation as required (Doc. 1, ¶¶ 10, 14). Defendants' violations of the FLSA are alleged to be knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated. (Id., ¶ 21). Defendants deny these claims and assert several affirmative defenses (Doc. 7).

James Simpson filed a Consent to Join the suit (Doc. 17), as did Damien Ridenour (Doc. 44), Michael Jenkins (Doc. 43 at 16), Stan Burton (Doc. 43 at 17), and Steven Guy Black, Jr. (Doc. 43 at 18) (collectively, the "Opt-In Plaintiffs"). This motion, accompanied by the Declarations of the named Plaintiffs (Doc. 43 at 10-15) and a proposed Notice (Doc. 43 at 19-22) followed.

## II. Discussion

Legal Standard

Title 29, United States Code, Section 216(b) permits an employee to maintain an action against any employer, on behalf of himself and other similarly situated employees, for unpaid overtime compensation in violation of the FLSA. The law provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The FLSA "authorizes collective actions against employers accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit has approved a two-step approach for determining whether to certify a collective action pursuant to § 216(b). See Mickles, et al. v. Country Club Inc., 887 F.3d 1270, 1276-77 (11th Cir. 2018), citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001). The first step is the "notice stage," in which the district court makes a determination whether notice of the action should be given to potential collective class members. Hipp, 252 F. 3d at 1218. The district court may

conditionally certify a collective action and authorize notice to potential claimants if the named plaintiff adequately demonstrates "a 'reasonable basis' for his claim that there are other similarly situated employees." Morgan, 551 F.3d at 1260; Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996) ("[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination.").

Before authorizing notice a "district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Morgan, 551 F.3d at 1259, citing Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1567-8 (11th Cir.1991). "Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiffs include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation." Adams v. Gilead Grp., LLC, 280 F. Supp. 3d 1358, 1360 (M.D. Fla. 2017) citing Lytle v. Lowe's Home Centers, Inc., 2014 WL 103463, *2 (M.D. Fla. 2014).

The standard applied in the first stage is a lenient one which "typically results in 'conditional certification' of a representative class." Mickles, 887 F.3d at 1276 (citing Hipp); see also Rodgers v. CVS Pharmacy, Inc., No. 8:05-cv-770T-27MSS, 2006 WL 752831, *2 (M.D. Fla. Mar. 23, 2006). Although lenient, the standard is not illusory. "[A] plaintiff must proffer a minimum quantum of evidence to warrant the creation of a collective. The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself. Such evidence may, however, serve as the predicate upon which affidavits of similarly situated co-workers can build." Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006). If the district court conditionally

certifies the collective class, putative members are given notice and a chance to opt in. Hipp, 252 F.3d at 1218.[1]

### Analysis

As described by the Named Plaintiffs, the representative class consists of tow truck drivers/operators who did not receive time and a half for all of their overtime hours worked. Plaintiffs "are seeking conditional certification of a collective action for all tow truck drivers employed by Defendants" (Doc. 43 at 2). Plaintiffs assert that the existence of the opt-in Plaintiffs shows that there are other employees who desire to join the suit and these employees are similarly situated to Plaintiffs with regard to Defendant's payroll practices and record keeping requirements. In support of this assertion, Plaintiffs point to the declarations of the Named Plaintiffs. Mr. Taylor states:

> 5. I was employed by Defendants, C&L TOWING AND TRANSPORT, L.L.C. and its owner CARL CHASE as a tow truck driver.
>
> 6. While employed by Defendants, I regularly worked over forty (40) hours per week. However, Defendants failed to compensate me for all my hours worked, including overtime hours. This occurred because Defendants misclassified me as an independent contractor and failed to count or credit me with all of the hours I actually worked, including overtime hours.
>
> 7. Based on my personal observations, the Defendants failed to compensate the other tow truck drivers of C&L TOWING AND TRANSPORT, L.L.C., because the Defendants also failed to count or credit them with all of their hours actually worked. I know this to be true because other drivers have discussed this with me and based on personal observations.

---

[1] The second stage involves a heavier burden and is typically "triggered by an employer's motion for decertification." Morgan, 551 F.3d at 1261. At the second stage, the court must consider the evidence of record and make a *factual finding* concerning the similarity of the class. Id. If the court makes a factual determination that the parties are similarly situated, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice and the case proceeds on the individual claims of the original plaintiffs. Hipp, 252 F.3d at 1218. The Court need not analyze this step because the parties are presently at the notice stage.

8. The other tow truck drivers performed the same or similar duties as I do.

9. Based upon my knowledge, other tow truck drivers regularly worked significantly more than forty (40) hours per workweek.

10. My purpose of bringing this lawsuit was not only to receive the overtime compensation owed to me, but also to assist other tow truck drivers get the money owed to them. I anticipate that other current and former employees will join this litigation if they are given notice of it and an opportunity to join it.

11. As a result of Defendants' actions, I did not receive proper overtime compensation due under the Fair Labor Standards Act.

12. Based on my personal observation, my overtime claims are typical of the claims of other former and current tow truck drivers employed by Defendants, and typical of the claims of all members of the representative class identified.

13. I am personally aware of other tow truck drivers who work for Defendants who have not yet joined this lawsuit but who will join the case if/when they receive Court-approved notice.

(Doc. 43 at 10-11). Mr. McGlothlin's declaration is almost identical (Doc. 43 at 13-15).

Plaintiffs request that notice be sent to "Defendants' current and former tow truck drivers who worked one or more weeks during the three (3) years" before the filing of the complaint to the present (Doc. 43 at 9).

Defendants argue that Plaintiffs proof is based on "inadequate" declarations containing only conclusory allegations which lack any factual basis. They argue that Plaintiffs have not shown that there are any other employees "aside from five who have already opted in" who wish to join, and they argue that Plaintiffs have failed to provide any reasonable basis to believe any other employees who wish to opt-in are, in fact, "similarly situated." In support, Defendants tender the declaration of Carl Chase, Jr., CEO of the corporate Defendant, who states:

4. The employees of C & L Towing and Transport, LLC include wrecker/truck drivers, mechanics, dispatchers and administrative/managerial office staff.

5. Defendant C & L Towing and Transport, LLC currently has approximately 16 employees.

6. Approximately 6 of the Defendants current employees are wrecker/truck drivers.

7. Approximately 4 of the Defendants current employees are mechanics who assist in roadside service and shop mechanic work.

8. Approximately 4 of the Defendants current employees are dispatchers.

9. Approximately 2 of the Defendants current employees are administrative/managerial staff.

10. Opt-in Plaintiff Damien Ridenour was employed by the Defendants as a Mechanic and job duties included providing roadside mechanic services and shop mechanic services.

11. Opt-in Plaintiff Stan Burton was employed by the Defendants as a shop manager and his job duties included management, roadside mechanic work and shop mechanic work.

12. Opt-in Plaintiff Stephen Guy Black Jr. was employed by the Defendants as a Mechanic and his job duties consisted primarily of roadside service and shop mechanic work and occasionally working as a wrecker driver.

(Doc. 47-1). After due consideration, I find Plaintiffs have met the minimal standard for conditional certification.

The case currently has seven Plaintiffs - the Named Plaintiffs and five others who opted in after it was filed. This, coupled with the declarations of the Named Plaintiffs that they personally know of other tow truck drivers who will join the suit, is sufficient to satisfy me that there are other employees who desire to opt-in. Whether these putative plaintiffs are similarly situated is a closer call.

While Mr. Chase's declaration speaks to the number of *current* employees, there is no showing as to how many other tow truck drivers Defendant has employed in the past three years. Concerning the duties of the Named Plaintiffs and opt-ins, although Defendants claim Plaintiffs have provided inadequate information as to duties and pay provisions, I disagree. In his interrogatory answers Mr. McGlothlin described his job duties as "Heavy Haul. Pick up/tow semi trucks, keep trucks clean, move cars around the yard." (Doc. 22 at 1-2). He said he was paid 25% of each tow or $400 per week ($10.00 per hour), whichever was greater (Id.). Mr. Taylor described his job duties as: "Heavy Wrecker/Tow Truck Driver. Hauling heavy items including tractor trailers, sheds, demolition items. Tow RV's big box trucks, other heavy equipment in Brevard County." (Doc. 19 at 1-2). His regular rate of pay was 25% of each tow or $25.00 per hour (Id.). Opt-in Plaintiff James Simpson described his job duties as: "Tow Truck Operator. Answer service calls and police location calls. Towing cars, roadside assistance, hauling heavy items including tractor trailers, sheds, demolition items. Rearrange the lot. Wash cars." (Doc. 23 at 2). His rate of pay was 25% of each tow or $600 per week ($15.00 per hour), whichever was greater (Id.). While these described duties and pay provisions are not identical, they are sufficiently similar for present purposes. At the notice stage, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir.1996) (internal quotations and citations omitted). Although we do not yet have interrogatory answers for Opt-in Plaintiffs Ridenour, Burton or Black, both Named Plaintiffs have

declared that "other tow truck drivers performed the same or similar duties as I do."[2] Thus, I find that Plaintiffs have met the lenient standard for conditional certification.

Plaintiffs have tendered a proposed Notice (Doc. 43 at 19-22) directed to "All tow truck drivers/operators employed by C & L TOWING AND TRANSPORT, L.L.C. between November 2014 to the present." Defendant claims that the Notice is inadequate because it does not advise potential class members regarding their potential liability for costs and attorney's fees, citing Teahl v. Lazy Flamingo Inc, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367 at *7 (M.D. Fla. Sept. 29, 2006); Smith v. Cable Wiring Specialist, Inc., No. 2:14-cv-277, 2014 WL 4795160, at *3 (M.D. Fla. Sept. 25, 2014) (concluding "the notice should warn potential class members that, should [the defendant] prevail, all class members may be held responsible for [the defendant's] defense costs" (citation omitted)); and Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *3 (M.D. Fla. Nov. 22, 2006) (finding plaintiff's proposed notification and opt-in form inadequate "because it fail[ed] to inform potential plaintiffs that, if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for the defendant's costs in this matter. Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights and responsibilities should they decide to opt-in to the suit. Therefore, Plaintiff must amend the notice form to include such information."). Plaintiffs have not addressed this issue in their papers.

---

[2] Chase has declared that the opt-ins Plaintiffs are not similarly situated. While it appears that Ridenour was a mechanic, Burton, a shop manager, and Black only "occasionally" worked as a wrecker driver (Doc. 47-1), this does not necessarily defeat conditional certification. The Court makes a factual finding concerning the similarity of the class at the *second* stage of the certification process, after development of an evidentiary record. We are at the notice stage. For present purposes, Plaintiffs have made a sufficient showing of similarity of at least three employees, and Defendant has six current wrecker/truck drivers and an unknown number of ex-employee wrecker/ truck drivers who likely performed similar duties under similar pay provisions. Defendants may renew their arguments, if desired, at the second stage.

I agree with Defendants that including a disclosure concerning potential liability for *costs* is reasonable. But, I see no basis for including any statement concerning potential liability for Defendants' attorneys' fees, as Defendants in FLSA cases are not entitled to such an award, absent exceptional circumstances. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir.1998) (noting that "the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith"); Adams v. Gilead Grp., LLC, 280 F. Supp. 3d 1358, 1362 (M.D. Fla. 2017) (rejecting as "inappropriate" contention that potential opt-ins should be informed that Defendants may be awarded attorneys' fees if the case is held to have been brought in bad faith). The Notice should be amended to include a disclosure as to potential liability for costs, not fees.

Although Defendants have not objected to other specific inadequacies of the Notice, my own review indicates that the Notice contains numerous inaccuracies and I cannot recommend that it be approved, as written. The parties should be directed to confer regarding an acceptable Notice, which should be tendered to the Court for review, prior to issuance.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) Plaintiffs' Motion for Conditional Certification and for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights (Doc. 43) be **GRANTED in part**; and the district court **CONDITIONALLY CERTIFY** this case as a collective action for the following class:

> All tow truck drivers currently or formerly employed by C & L Towing and Transport, LLC within the three-year period immediately preceding the filing of this case to the present.

(2) The Parties be directed to confer regarding the language of the Notice of lawsuit and consent/opt-in form to include a provision regarding potential liability for defense costs, and **file** the amended Notice and form within **seven (7) days of the date of the rendition of the district court Order**;

(3) The district court order that **within five (5) days from the filing of the Notice and form**, Defendant shall **DELIVER** to Plaintiff's counsel a list containing the full names and last known addresses of putative class members;

(4) The district court order that Plaintiff's counsel give notice to the individuals in the conditionally certified class **within twenty-one (21) days of receiving the names and addresses from Defendant**, with the following limitations:

(a) Plaintiff shall <u>not</u> give Notice to any person who currently has on file a consent to join in this action.

(b) The Notice and Consent to Join shall be in the stipulated form and shall be mailed on the same day via first class U.S. Mail to all individuals disclosed by Defendants (other than those persons who currently are opt-in Plaintiffs in this action) at the sole cost and expense of Plaintiffs, dated with the date of mailing, and shall allow each individual up to sixty (60) days from the date of mailing in which to return a Consent to Join form to Plaintiffs' counsel.

(5) The district court order that individuals who timely opt into this action be deemed parties for all purposes under the Federal Rules of Civil Procedure pending further Order of this Court, and may be represented at any settlement or mediation by the named Plaintiffs.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 10, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record