UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH E. TAYLOR and TERRENCE
MCGLOTHLIN, on behalf of themselves
and others similarly situated,

    Plaintiffs,

v.                                              Case No:   6:17-cv-1929-Orl-40TBS

C&L TOWING AND TRANSPORT, L.L.C.
and CARL CHASE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Emergency Motion for Sanctions and to Strike Pleadings of Michael Jenkins or in the Alternative, Compel Deposition (Doc. 55).

In January 2019, Defendants coordinated and noticed the depositions of certain Plaintiffs, including Mr. Jenkins, to occur on January 25, 2019 (Doc. 55, ¶¶ 13-14). On the day before Mr. Jenkins' scheduled deposition, his lawyer, Jay P. Lechner told Defendants' lawyer Ethan B. Babb, that Mr. Jenkins was not likely to appear (Doc. 57, ¶ 3). Sure enough, the next day, Mr. Jenkins did not show up for his deposition (Doc. 55, ¶ 19). Five days later, Defendants filed the pending "emergency" motion for sanctions and to compel deposition (Doc. 55). The Court has already admonished Defendants' lawyer for designating this matter an emergency (Doc. 56).

Plaintiffs' response to the sanctions motion contains assertions the Court felt necessitated a response by Mr. Babb (Doc. 57). At the Court's Order, he has filed his response which precipitated a motion by Plaintiffs to file a reply to the response (Docs.

58, 64, 71).

Mr. Jenkins also failed to answer the Court's standard interrogatories in this Fair Labor Standards Act case. On February 4, 2019, the Court entered an Order directing Mr. Jenkins to file his answers to the Court's interrogatories within seven days (Doc. 61 at 6). The Order warned Mr. Jenkins that the failure to comply would result in the imposition of sanctions which could include dismissal of his claims without further notice (Id.). Mr. Jenkins did not comply with this Order. Mr. Jenkins's failure to obey the Order is not the subject of this motion and will be dealt with separately by the Court.

Plaintiffs' lawyers filed a motion for leave to withdraw from representing Mr. Jenkins because he has been "unresponsive and fails or refuses to engage in communications with the undersigned's law firm, thereby making it impossible to represent him in this matter." (Doc. 72, ¶ 1). That motion was granted (Doc. 74).

Now, the Court is satisfied that it does not need a reply from Plaintiffs to Mr. Babb's response. Therefore, and because Mr. Jenkins' lawyers have withdrawn, the motion for leave to file a reply (Doc. 71) is **DENIED**.

It appears Mr. Jenkins simply stopped communicating with his lawyers which resulted in his failure to know about or appear for his deposition, and his failure to answer the Court's interrogatories. The client's failure to stay in touch with and respond to the lawyer is no excuse for not complying with the Federal Rules of Civil Procedure or the Court's Orders.

As a sanction for failing to appear for his deposition, Defendants are asking the Court to dismiss Mr. Jenkins' claim with prejudice (Doc. 55 at 5). However, Defendants have not adequately briefed the applicable law concerning dismissal under these circumstances and the Court is not otherwise persuaded that dismissal with prejudice is

the appropriate remedy so that relief will be **DENIED**.

In the alternative, Defendants are asking the Court to compel Mr. Jenkins to appear for his deposition (Id.). The motion to compel is **GRANTED**. Defendants may reschedule Mr. Jenkins' deposition and if he fails once again to appear, he risks the imposition of sanctions including possible dismissal of his claims.

When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply.

Defendants seek an award of $812.50 for 3 hours of attorney time at $250.00 per hour plus $62.50 in deposition costs (Id.). The Court will not award fees for the one hour Mr. Babb says he spent getting ready for the deposition because Mr. Babb had already been warned that Mr. Jenkins might not appear, and this was one of many similar depositions of Plaintiffs so little or no preparation to depose Mr. Jenkins should have been required. Or, if preparation was necessary, Defendants should still reap the benefits at the to-be-taken deposition of Mr. Jenkins.

The Court will award Defendants 2.0 hours of time at $250.00 per hour to attend the deposition and prepare the motion for sanctions and to compel. It will also award the court reporter's fee of $62.50 making a total of $562.50 now taxed for Defendants and against Mr. Jenkins.

DONE and ORDERED in Orlando, Florida on February 19, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties