**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KEITH E. TAYLOR and TERRENCE
MCGLOTHLIN,

        Plaintiffs,

v.                                     Case No:  6:17-cv-1929-Orl-40TBS

C&L TOWING AND TRANSPORT,
L.L.C. and CARL CHASE,

        Defendants.

                                    /

## ORDER

This cause comes before the Court upon Plaintiffs' Motion for Liquidated Damages on Jury Verdict for Overtime Wages Pursuant to 29 U.S.C. § 216(b) and for Entry of Final Judgments (Doc. 127 (the "**Motion**")). The Court does not require a response to resolve the Motion.

After a trial of this case, the jury found for Plaintiffs, awarding the following amounts for unpaid overtime wages:

- Stan Burton: $37,125.00;

- Damien Ridenour: $25,200.00;

- James Simpson: $9,000.00;

- Terrence McGlothlin: $16,800.00;

- Keith Taylor: $28,800.00;

- Stephen Guy Black: $26,400.00.

Importantly, the jury also found that Defendants willfully failed to pay Plaintiffs overtime wages. The Motion requests the Court award Plaintiffs liquidated damages and enter final judgment in their favor.

> An award of liquidated damages equal to the amount of compensatory damages is required, 29 U.S.C § 216(b), unless the employer can establish a good faith defense. *Davila v. Menendez*, 717 F.3d 1179, 1185–86 (11th Cir. 2013); 29 U.S.C. § 260. It is generally the district court's job to assess this defense. *See Davila*, 717 F.3d at 1185. However, when a jury finds that an employer's violation of the FLSA was willful, the district court has no discretion to consider the good faith defense because a willfulness finding precludes it. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282–83 (11th Cir. 2008).

*Gonzalez v. Batmasian*, No. 9:16-cv-81696, 2017 WL 2191671, at *1 (M.D. Fla. May 17, 2017). Here, the jury's finding that Defendants willfully violated the FLSA precludes a viable good faith defense.

Accordingly, the Motion is **GRANTED**. Each Plaintiff is entitled to an award of liquidated damages in an amount equal to the jury's award for that Plaintiff, in addition to the compensatory damage award for the same amount. So, in effect, the jury's damages are doubled. A final judgment will be entered by separate order.

**DONE AND ORDERED** in Orlando, Florida on July 19, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties